Jones, J.
(concurring). This case is now before us on remand by the Supreme Court of the United States for our further consideration in the light of Blackledge v Perry (417 US 21) (decided subsequent to our decision in this case on May 9, 1974) and Tollett v Henderson (411 US 258) (decided prior to our earlier decision in this case).
The question whether a claim of double jeopardy survives a plea of guilty was not, of course, reached by the Supreme Court in Blackledge. On the basis of my reading of the majority opinion in Blackledge, I would have been disposed to conclude that had the Supreme Court reached the issue it would have held that double jeopardy was an issue which "went to the very power of the State to bring the defendant into court to answer the charge brought against him” (Black-ledge, supra, p 30) and as such would not have been foreclosed by a defendant’s plea of guilty.
In the present case, however, the double jeopardy issue is squarely presented. Since the Supreme Court when so confronted in this case did not reverse our decision, I can only infer that it was not then the conclusion of the Supreme Court that defendant’s double jeopardy claim here survived his plea. On this analysis, absent any mandate of the Supreme Court to the contrary, I see no occasion to depart from the earlier decision of our court in which I then concurred.